FILED

APR 09 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| JOE MARTINEZ, SR. and and ELEANOR MARTINEZ, | No. 0:07-bk-00016-JMM<br>No. 2-07-bk-00243-JMM<br>(Jointly Administered) |
| Debtors. | |
| In re | **MEMORANDUM DECISION** |
| ANTHONY D. MARTINEZ (dba MARTINEZ FARMS), | |
| Debtor. | |

      The Debtors have asked permission, brought on in an emergency fashion, to borrow $425,000 in order to plant cotton and condition 505 acres for that purpose.

      The chapter 11 case of Joe and Eleanor Martinez (07-16) was filed on January 16, 2007. It is jointly administered with the case of Anthony D. Martinez, filed on January 22, 2007 (07-243).

      The instant motion was filed on April 2, 2007 (Dkt. #89) and a hearing was held on April 6, 2007. The initial motion contained only a scant outline of what was anticipated to be accomplished by the loan, and it drew two objections. (Dkts. #95 and #99.)

      The points raised by the objecting parties are meritorious. In particular, the information to support a loan of this magnitude, and the details thereof, are minimal. Thus, the court lacks the necessary supporting information to confidently grant the request. Lack of confidence in the Debtors' request translates into a finding that the Debtors cannot carry the requisite burden of proof of convince the court that such a loan is in the best interests of the estate.

| | |
|---|---|
| 1 | Simply because the motion is couched as an "emergency" is not, by itself, enough of a reason to run roughshod over the need for the court and creditors to be provided with enough information to make an informed decision. |

Simply because the motion is couched as an "emergency" is not, by itself, enough of a reason to run roughshod over the need for the court and creditors to be provided with enough information to make an informed decision.

By now, the Debtors should have filed monthly operating reports concerning January and February, but no such reports appear on the docket. Nor has a plan been filed.

The court has also read the exhibit filed by the Debtors, which consists of their attorney's letter to the lender, and a short attempt at calculating a crop budget. The information provided is insufficient to support the request. Additionally, the court reviewed the affidavit of Jean Gastelluberry and finds the clarity of his views to have merit.

Ultimately, the court concludes that without a plan, or without a more complete hearing as to the loan request, it is premature to begin incurring substantially more debt for a cotton operation, when the Debtors' past experience appears to be in the hay, not cotton, business.

The motion will be denied. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: April 9, 2007.

_____
JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES served as indicated below this 9th day of April, 2007, upon: |
| 2 | |
| 3 | Robert M. Cook<br>Law Offices of Robert M. Cook<br>Missouri Commons - Suite #185 |
| 4 | 1440 East Missouri<br>Phoenix, AZ 85014 |
| 5 | Email: robertmcook@yahoo.com |
| 6 | Dean M. Dinner<br>Jennings, Haug & Cunningham, LLP |
| 7 | 2800 N. Central Ave., Suite 1800<br>Phoenix, AZ 850004-1049 |
| 8 | Email: dmd@jhc-law.com |
| 9 | Mark J. Giunta<br>Law Office of Mark J. Giunta |
| 10 | 845 N. Third Ave.<br>Phoenix, AZ 85003-1408 |
| 11 | Email mark.giunta@azbar.org |
| 12 | Christopher J. Pattock<br>Office of the U.S. Trustee |
| 13 | 230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 14 | Email christopher.j.pattock@usdoj.gov |
| 15 | |
| 16 | By /s/ M. B. Thompson<br>    Judicial Assistant |